**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50391 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01001-LAB |
| v. | |
| ANIBAL DIAZ-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Anibal Diaz-Rodriguez appeals from the 40-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Diaz-Rodriguez contends that the district court procedurally erred by focusing on the need for deterrence and failing to consider all the 18 U.S.C. § 3553(a) sentencing factors. The record indicates that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Diaz-Rodriguez also contends that his sentence is substantively unreasonable in light of the age of a prior conviction. The record indicates that the sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009) ("It is unreasonable . . . to treat a *decades-old* enhancing conviction as requiring as much deterrence as a recent conviction.") (emphasis added).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**